UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 1:21-cr- |
| v. | : | (Judge         ) |
| **JIMMY TRAN,** | : | |
| Defendant | : | |

# INFORMATION

### Count 1
(Unauthorized use of benefits)

THE UNITED STATES ATTORNEY CHARGES:

From in or about January 2017 through in or about August 2020, in the Middle District of Pennsylvania and elsewhere, the defendant,

**JIMMY TRAN**,

who owned and operated Asia Market in Harrisburg, Pennsylvania, knowingly and willfully used, acquired, and possessed benefits of the U.S. Department of Agriculture's Supplemental Nutrition Assistance Program (SNAP), having a value of at least $5,000, in a manner contrary to the federal statutes and regulations governing SNAP, by providing cash in exchange for those benefits.

All in violation of Title 7, United States Code, Section 2024(b).

## Forfeiture Allegation

1. The allegations contained in Count 1 of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 7, United States Code, Sections 2024(e) & (f), and Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

2. Pursuant to Title 7, United States Code, Sections 2024(e) & (f), and Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 7, United States Code, Section 2024(b), the defendant,

**JIMMY TRAN,**

shall forfeit to the United States of America any nonfood items, moneys, negotiable instruments, securities, or other things of value that are furnished by any person in exchange for benefits, or anything of value obtained by use of an access device, in any manner contrary to law; all property, real or personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of a violation contrary to law, or proceeds traceable to the offense; and any property,

real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to:

a. $968.05 in U.S. Currency seized from PNC Account #50-0528-0518 in the name of Jimmy Tran, DBA Asia Market;

b. $146,388.97 in U.S. Currency seized from PNC Account #51-1267-2883 in the name of Jimmy Tran, DBA Asia Market;

c. $6,690.84 in U.S. Currency seized from PNC Bank Account #51-1330-8784 in the name of Jimmy Tran, DBA Hoa Dong Market;

d. $42,529 in U.S. Currency seized from 2400 Forest Lane, Harrisburg, Pennsylvania, on August 12, 2020;

e. $4,352.48 in U.S. Currency seized from Asia Market, 325 S. 17th St., Harrisburg, Pennsylvania, on August 12, 2020;

f. $3,601.95 in U.S. Currency seized from PSECU Account #8970135268 in the name of Tam Tran and Duyen Nguyen;

g.     $265.21 in U.S. Currency seized from Hoa Dong Market, 425 South Cameron St., Harrisburg, Pennsylvania, on August 12, 2020;

h.     $2,696.78 in U.S. Currency seized from First National Bank Account #833457146 in the name of Luong C. Tran and Bach Thi Bui;

i.     The cash value and/or proceeds of New York Life Insurance Company Policy #23 325 631 in the approximate amount of $30,857.70 in U.S. Currency;

j.     New York Life Insurance Company Policy #23 347 376, or the cash value and/or proceeds of the policy;

k.     The cash value and/or proceeds of New York Life Insurance Company Policy #23 354 890 in the approximate amount of $13,402.04 in U.S. Currency;

l.     The cash value and/or proceeds of New York Life Insurance Policy #23 355 097 in the approximate amount of $13,238.91 in U.S. Currency;

m.     New York Life Insurance Company Policy #24 069 102, or the cash value and/or proceeds of the policy;

g.     $265.21 in U.S. Currency seized from Hoa Dong Market, 425 South Cameron St., Harrisburg, Pennsylvania, on August 12, 2020;

h.     $2,696.78 in U.S. Currency seized from First National Bank Account #833457146 in the name of Luong C. Tran and Bach Thi Bui;

i.     The cash value and/or proceeds of New York Life Insurance Company Policy #23 325 631 in the approximate amount of $30,857.70 in U.S. Currency;

j.     New York Life Insurance Company Policy #23 347 376, or the cash value and/or proceeds of the policy;

k.     The cash value and/or proceeds of New York Life Insurance Company Policy #23 354 890 in the approximate amount of $13,402.04 in U.S. Currency;

l.     The cash value and/or proceeds of New York Life Insurance Policy #23 355 097 in the approximate amount of $13,238.91 in U.S. Currency;

m.     New York Life Insurance Company Policy #24 069 102, or the cash value and/or proceeds of the policy;

n. The cash value and/or proceeds of New York Life Insurance Company Policy #24 713 336 in the approximate amount of $7,979.82 in U.S. Currency;

o. The cash value and/or proceeds of New York Life Insurance Company Policy #24 998 316 in the approximate amount of $3,410.53 in U.S. Currency.

p. Black Hublot quartz watch;

q. Black Hublot watch;

r. Rolex diamond watch with gold and stainless strap;

s. Rolex watch with gold face and gold and stainless strap;

t. $1,843,534 in U.S. Currency, constituting proceeds of the offense(s), the value of which shall be offset by any tangible assets forfeited by the defendant.

3. By virtue of the commission of the offense charged in Count 1 of this Information by the defendant, JIMMY TRAN, any and all right, title, and interest the defendant may have had in any of the property involved in or traceable to the offense alleged in Count 1 of this Information is vested in the United States and is hereby forfeited to

the United States pursuant to Title 7, United States Code, Sections 2024(e) & (f), and Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

4. If any of the property involved in or traceable to the offense(s) alleged in Count 1 of this Information, as a result of any act or omission of the defendant:

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third party;
>
> c. has been placed beyond the jurisdiction of the court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to 7 U.S.C. §§ 2024(e) & (f), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § Section 2461.

BRUCE D. BRANDLER
Acting United States Attorney

9/7/2021
DATE

CARLO D. MARCHIOLI
Assistant U.S. Attorney